UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JESUS E. ROMAN, | : |
| Plaintiff, | : Civ. No. 18-8010 (FLW) (TJB) |
| v. | : |
| J. DeMARCO et al., | : **MEMORANDUM OPINION** |
| Defendants. | : |

## I. INTRODUCTION

Plaintiff, Jesus E. Roman ("Roman" or "Plaintiff"), is presently held at the Ocean County Jail, in Toms River, New Jersey. He is proceeding *pro se* with this Complaint asserting violations of his civil rights under 42 U.S.C. § 1983. (*See* Compl., ECF No. 1.) The Court now screens the Complaint under 28 U.S.C. § 1915(e), 28 U.S.C. § 1915A, and 42 U.S.C. § 1997e. For the reasons stated herein, Roman's claim against defendant J. Haberbush is dismissed without prejudice, but the remainder of the Complaint is permitted to proceed.

## II. THE COMPLAINT

Roman initially filed his Complaint on April 18, 2018. (ECF No. 1.) Roman alleges that defendants Sergeant E. Clark ("Clark") and Sergeant J. Donato ("Donato") left him overnight in a cell that had been flooded with raw sewage. (ECF No. 1 at ECF p. 5.) He contends that defendant Sergeant J. DeMarco ("DeMarco") refused to move him out of the cell flooded with sewage when Roman received breakfast, and that Roman "was forced to eat in my cell flooded with human wast[e] with no running water in my cell to wash the raw sewage off my hands." (Id.) Roman further alleges that defendant Lieutenant K. Stuart ("Stuart") refused to move him

to another cell when Roman complained of the "constant illumination in [his] cell for weeks," even after he filed a grievance in this regard. (Id.) Roman explains that "lights never dimmed at night time was enduring torture for weeks." (Id.) Finally, Roman alleges that, despite his grievances, Captain J. Haberbush ("Haberbush") "sat back and did nothing to prevent these cruel and unusual punishments and reckless neglectments [sic] his co-workers subjected me too [sic]." (Id.)

Roman raises all of his claims under the Cruel and Unusual Punishment Clause of the Eighth Amendment. (See ECF No. 1.) He asserts that these incidents occurred on November 12, 2016. (Id. at ECF pp. 6, 8.) Roman alleges that exposure to the sewage caused him to contract Hepatitis A and that the constant illumination in his cell resulted in sleep deprivation, migraine headaches, and stress. (Id. at ECF p. 8.) He seeks compensatory and punitive damages. (Id.)

### III. THE SCREENING STANDARD

Under the Prison Litigation Reform Act, Pub. L. 104-134, §§ 801–810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review prisoner complaints when the prisoner (1) is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), (2) seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A, or (3) asserts a claim concerning prison conditions, *see* 42 U.S.C. § 1997e(c). The PLRA directs district courts to *sua sponte* dismiss claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); 42 U.S.C. § 1997e(c).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012);

2

*see also Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To survive the Court's screening for failure to state a claim, the complaint must allege "sufficient factual matter to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings, as always, will be liberally construed. *See Haines v. Kerner,* 404 U.S. 519, 520 (1972); *Glunk v. Noone*, 689 F. App'x 137, 139 (3d Cir. 2017). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### IV. ANALYSIS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. That section provides,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a

> judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

Roman specifically alleges that the defendants' conduct violated the Cruel and Unusual Punishment Clause of the Eighth Amendment. (*See* ECF No. 1.) The Eighth Amendment requires that prison officials provide humane conditions of confinement. *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 256 (3d Cir. 2010); *see also Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "For the conditions of confinement to rise to the level of an Eighth Amendment violation, they must deny the 'minimal civilized measure of life's necessities.'" *Betts*, 621 F.3d at 256 (quoting *Farmer*, 511 U.S. at 835). Unsanitary conditions can be cruel and unusual. *Young v. Quinlan*, 960 F.2d 351, 364 (3d Cir.1992), *superseded by statute*, Prison Litigation Reform Act of 1996, Pub. L. No. 104–134, 110 Stat. 1321.

The Court notes that it is not clear from Roman's Complaint whether, at the time of the alleged incident, he was being held in the Ocean County Jail as part of a sentence for a criminal conviction or if, instead, he was there as a pretrial detainee, in which case the Eighth Amendment is inapplicable. *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983). For this analysis, however, the question is moot. The Due Process Clause of the Fourteenth Amendment prohibits the State from imposing punishment on persons who have not yet been convicted of a crime. *See Bell v. Wolfish*, 441 U.S. 520, 535–39 (1979); *Bistrian v. Levi*, 696

F.3d 352, 373 (3d Cir. 2012); *Hubbard v. Taylor*, 538 F.3d 229, 231–32 (3d Cir. 2008). The Due Process Clause has been found to afford protections to pretrial detainees "at least as great as the Eighth Amendment protections available to a convicted prisoner." *City of Revere*, 463 U.S. at 244; *see also Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003). Thus, the Eighth Amendment sets the floor for the standard applicable to pre-trial detainees' claims. *Bell*, 441 U.S. at 544. A failure to provide minimally civil conditions of confinement to pre-trial detainees violates their rights against punishment without due process of law. *Reynolds v. Wagner*, 128 F.3d 166, 173–74 (3d Cir. 1997).

I conclude that Roman's allegations against Clark, Donato, and DeMarco, to the extent that they left him overnight in a cell flooded with raw sewage and served him breakfast there, while Roman was deprived of any way to clean his soiled hands, are sufficient to state a claim that Roman was deprived of the "minimal civilized measure of life's necessities" under either the Eighth or the Fourteenth Amendment. *See DeSpain v. Uphoff*, 264 F.3d 965, 974–75 (3d Cir. 2001) ("Exposure to human waste, like few other conditions of confinement, evokes both the health concerns emphasized in *Farmer* and the more general standards of dignity embodied in the Eighth Amendment."); *see also Moore v. Giorla*, 302 F. Supp. 3d 700, 705–06 (E.D. Pa. 2018) (denying summary judgment on merits of Eighth Amendment claim where the plaintiff alleged "that he was covered in raw sewage for approximately eight hour," but ultimately granting summary judgment on timeliness). I also conclude that Roman has sufficiently stated a claim against Stuart for keeping him in a cell for weeks where the lights never dimmed. "Constant illumination may, under certain circumstances, amount to a constitutional violation." *Spencer v. Sec'y Dep't of Corr.*, 618 F. App'x 85, 87 (3d Cir. 2015).

Roman's claim against Haberbush relies on a theory of supervisory liability.  Generally, personal involvement by the defendant in the alleged constitutional violation is central to a § 1983 claim, and liability cannot rest on a theory of *respondeat superior*. *See Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015). Supervisory liability generally requires some affirmative conduct by the supervisor, such as a supervisor's implementation or maintenance of a policy, practice, or custom that caused the plaintiff constitutional harm. *Parkell v. Danberg*, 833 F.3d 313, 330 (3d Cir. 2016); *Santiago v. Warminster Township*, 629 F.3d 121, 129 n.5 (3d Cir. 2010). Hence, there are two potential theories of supervisory liability. *See A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004). Under the first theory, defendants may be sued as policy makers "if it is shown that such defendants, 'with deliberate indifference to the consequences, established and maintained a policy, custom, or practice which directly caused [the] constitutional harm.'" *Id.* (quoting *Stoneking v. Bradford Area Sch. Dist.*, 882 F.2d 720, 725 (3d Cir. 1989)). The second theory of liability provides that a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations. *See Baker v. Monroe Township*, 50 F.3d 1186, 1190–91 (3d Cir. 1995). Knowledge in a "failure to supervise" claim must consist of either "contemporaneous knowledge of the offending incident or knowledge of a prior patter of similar incidents."[1] *C.H. ex. rel. Z.H. v. Oliva*, 226 F.3d 198, 202 (3d Cir. 2000).

---

[1] The Third Circuit has expressed doubt as to whether this theory of supervisory liability survived the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), which held that "purpose rather than knowledge is required to impose *Bivens* liability . . . for an official charged with violations arising from his or her superintendent responsibilities." *Id.* at 677; *see Jankowski v. Lellock*, 649 F. App'x 184, 187 (3d Cir. 2016.)

Roman's Complaint does not sufficiently state a claim against Haberbush for supervisory liability.  He alleges simply that "Haberbush sat back and did nothing to prevent these cruel and unusual punishments and reckless neglectments [sic]."  (ECF No. 1 at ECF p. 5.)  He further contends that Haberbush "never did nothing about both incidents" and that he "had the authority to do something to prevent this incidents, but didn't."  (*Id.* at ECF p. 7.)  These allegations do not suffice to plead affirmative conduct by Haberbush, even under a theory of knowledge and acquiescence.  Accordingly, the claim against Haberbush is dismissed.

## V.  CONCLUSION

For the reasons explained above, upon screening the Complaint, the claim against Haberbush is dismissed without prejudice, for failure to state a claim upon which relief may be granted.  Roman may, if he so desires, seek leave to file an amended complaint within 30 days.  The remainder of the Complaint is permitted to proceed, and it shall be served upon the remaining defendants.  An appropriate order follows.

/s/ Freda L. Wolfson
FREDA L. WOLFSON
United States District Judge